IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES R. SMITH,** | : | |
| Plaintiff | : | |
| | : | **No. 1:18-cv-00542** |
| v. | : | |
| | : | (Judge Rambo) |
| **SCI BENNER TOWNSHIP et al.,** | : | |
| Defendants | : | |

## <u>MEMORANDUM</u>

Plaintiff, James R. Smith, an inmate currently confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania ("SCI-Benner"), filed this civil action pursuant to 42 U.S.C. § 1983 on December 12, 2017 in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1.) This case was transferred to this district on March 1, 2018. (Doc. No. 12.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint prior to service of process.

## I.     BACKGROUND

Plaintiff's complaint names two Defendants in the caption: (1) SCI-Benner and (2) Rickey L. Sherman ("Sherman"). (Doc. No. 1 at 1.) Plaintiff alleges that while incarcerated at SCI-Benner, Sherman has engaged in verbal sexual harassment of Plaintiff, including Sherman allegedly asking Plaintiff if Sherman

1

can perform sexual acts on him. (Id. at 2.) These events allegedly occurred from October through November, 2017. (Id.)

The Chief Magistrate Judge for the Western District of Pennsylvania issued a Report and Recommendation on January 11, 2018, recommending that the case be transferred to this district. (Doc. No. 7.) On February 5, 2018, Plaintiff filed a "Motion to Dismiss." (Doc. No. 8.) The motion was treated as a Request for Voluntary Dismissal of the lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 12.) Plaintiff requested that the suit be dismissed against Sherman. (Doc. No. 8.) Plaintiff also requested that the suit be dismissed against a Stephen Bunk, an individual not named in the complaint. (Id.) However, Plaintiff did not specifically request that the suit be dismissed against SCI-Benner. (Id.)

On February 13, 2018, the District Court for the Western District of Pennsylvania issued an Order requiring Plaintiff to fill out a form to clearly indicate whether he wanted the entire case dismissed against all Defendants. (Doc. No. 9.) On February 27, 2018, the Court received the form from Plaintiff indicating that he wanted to continue the suit against SCI-Benner. (Doc. No. 11.)

On March 1, 2018, the District Court for the Western District of Pennsylvania issued an Order, transferring this suit to this district because SCI-Benner is located within this district. (Doc. No. 12.)

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent

dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible.  Id.  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230

4

(3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.  SECTION 1983 STANDARD

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

5

Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## IV. DISCUSSION

The only remaining Defendant in this action is SCI-Benner. (Doc. No. 12.) Other than being named in the caption of the complaint, the body of the complaint contains no allegations against SCI-Benner. (Doc. No. 1.) This form of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

Moreover, SCI-Benner is not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, Civ. No. 12- 524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will v. Michigan Dep't of State Police, 491 U.S 58, 64 (1989) (holding that a State is not a "person[]" under § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, Civ. No. 08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. And Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006). Consequently, because the only

6

remaining Defendant, SCI-Benner is not subject to suit under 42 U.S.C. § 1983, the complaint will be dismissed with prejudice. Plaintiff will not be granted leave to amend, as any amendment against SCI-Benner would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that the court may deny a motion to amend where the amendment would be futile).

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's complaint (Doc. No. 1), will be dismissed with prejudice. An appropriate order follows.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 28, 2018